IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EVA HUGHES, et al.,

      Plaintiffs,

v.                                                                CV 09-104 WJ/WPL

ISAAC MARTINEZ, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The presiding judge has entered an order referring all pending and future motions in this matter to me for legal analysis and recommended disposition.  (Doc. 49.)  Plaintiffs have filed a petition for a show cause order regarding attorney Dennis Montoya's failure to pay sanctions ordered by the Court.  (Doc. 43.)  Mr. Montoya has filed a motion to stay enforcement of the sanction order pending resolution of his appeal by the Tenth Circuit.  (Doc. 46.)  For the reasons that follow, I recommend that Plaintiffs' petition for a show cause order be granted, Mr. Montoya's motion to stay be denied, and further relief be awarded as described herein.

### MAGISTRATE JUDGE'S AUTHORITY

Plaintiffs' petition for a show cause order raises the issue of contempt.  A magistrate judge may exercise both civil and criminal contempt authority in certain circumstances.  *See* 28 U.S.C. § 636(e).  These include summary criminal contempt authority for "misbehavior in the magistrate judge's presence so as to obstruct the administration of justice," and criminal and civil contempt authority in misdemeanor cases and civil consent cases.  *See* 28 U.S.C. § 636(e)(2), (3), (4).  In other circumstances, the Federal Magistrate's Act provides for a procedure whereby the magistrate judge certifies facts pertaining to contempt to a district judge.  *See* 28 U.S.C. § 636(e)(6); *see also Hunter*

*TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117-18 (E.D.N.Y. 2008).  Under the certification process, the magistrate judge may issue an order requiring a person to appear before a district judge to show cause why that person should not be held in contempt by reason of the facts certified.  *See* 28 U.S.C. § 636(e)(6).  The district judge then holds a *de novo* hearing to determine fact and credibility issues and "punishes the person in the same manner and to the same extent as for contempt committed before the district judge."  *Id.*  This last sentence indicates that the certification procedure is for contempt committed before the magistrate judge, which is not the case here.  None of the other provisions of 28 U.S.C. § 636(e) apply.  Here, the petition for a show cause order pertains to conduct before a district judge who has referred that petition to me in accordance with 28 U.S.C. § 636(b).  Accordingly, I will examine the petition under the familiar report and recommendation procedure established by 28 U.S.C. § 636(b).

PROCEDURAL BACKGROUND

The sanctions at issue in these two motions resulted when Defendant Isaac Martinez (Defendant) improperly removed an Arizona state court case to the District of New Mexico under 28 U.S.C. §§ 1441 and 1446.  Plaintiffs informed Mr. Montoya, counsel for Defendant, that removal was improper by letter dated February 11, 2009.  (Doc. 16 Ex. 1.)  When Defendant refused to agree to remand, Plaintiffs filed a motion to remand, which Defendant opposed.  (Doc. 12.)  On April 3, 2009, the Court granted remand, noting that clear and unequivocal statutory language prevents an Arizona state court case from being removed to federal court in New Mexico.  (Doc. 24 at 2.)  The Court also granted Plaintiffs' request for costs and attorney's fees and ordered that they be awarded against Mr. Montoya pursuant to 28 U.S.C. § 1447 and 28 U.S.C. § 1927 as sanction for his conduct in filing an improper notice of removal, insisting that removal was proper in contravention of the express language of the removal statute, and refusing to dismiss the case after the error of removal

2

was brought to his attention.  (*Id.* at 5-6.)  The Court ordered Plaintiffs' Arizona counsel to submit

an affidavit setting forth attorney's fees, costs, and expenses incurred in obtaining local counsel and

disputing the removal and ordered Mr. Montoya to file any objections to the reasonableness of the

amount requested within ten days of the filing of such affidavit.  (*Id.* at 6.)

      On April 17, 2009, Arizona counsel filed affidavits and time records in support of their

request for $12,426.05 in costs and attorney's fees.  (Doc. 26.)  On April 28, 2009, Defendant filed

a motion to vacate the April 3 order granting remand and for recusal of the presiding judge.  (Doc.

28.)  Neither Defendant nor Mr. Montoya objected to the amount of costs and attorney's fees

requested by Arizona counsel in their April 17 filing.  On June 11, 2009, after Defendant's motion

was fully briefed, the Court denied the motion to vacate and for recusal.  (Doc. 34.)  On June 12,

2009, noting that Mr. Montoya did not respond or otherwise object to the fee request, the Court

awarded Plaintiffs $12,426.05 in costs and attorney's fees, to be paid by Mr. Montoya within thirty

days (sanction order).  (Doc. 35.)

      Mr. Montoya did not pay the sanction by July 12, 2009.  On July 14, 2009, Arizona counsel

sent Mr. Montoya a letter demanding payment within five days and advising him that if payment

was not made, Plaintiffs would seek to hold him in contempt.  (*See* Doc. 43 at ¶ 9; Doc. 47 at 2.)

Five days later, on July 19, 2009, Defendant filed a motion for adversarial proceedings pursuant to

Federal Rule of Civil Procedure 54(d)(2)(C) on the issue of attorney's fees, or, in the alternative, for

entry of judgment in accordance with Federal Rule of Civil Procedure 58(a) so that Defendant could

appeal, and renewed his motion for recusal.  (Doc. 36.)  Finding no basis for reconsidering its

previous rulings, and noting that Rule 58 does not require the entry of a separate judgement for

attorney's fees ordered under Rule 54, the Court denied the motion on July 20, 2009.  (Doc. 37.)

That same day, Defendant filed a notice of appeal as to the original order granting remand, the order

denying Defendant's motion to vacate and for recusal, the order sanctioning Mr. Montoya for $12,426.05 in costs and attorney's fees, and the order denying reconsideration of the award of attorney's fees and declining to enter a Rule 58 judgment. (Doc. 38.)

On August 11, 2009, Plaintiffs filed a petition for a show cause order regarding Mr. Montoya's continued failure to pay the sanctions ordered on June 12, 2009. (Doc. 43.) Mr. Montoya responded by moving for a stay of enforcement of the sanction order pending resolution of his appeal. (Doc. 46.)

## MOTION TO STAY ENFORCEMENT OF SANCTIONS

A request, made to the district court, to stay enforcement of a judgment is governed by Federal Rule of Civil Procedure 62. An appellant is entitled to stay the execution of a judgment as a matter of right if he posts a bond in accordance with Rule 62(d). *See American Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1 (1966) (Mem. Op. of Harlan, J.); *see also Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1232 (10th Cir. 2009) (Hartz, concurring). Rule 62(d) provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

FED. R. CIV. P. 62(d). The purpose of a supersedeas bond "is to secure the judgement against insolvency of the judgment debtor." *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). Generally, a bond in the full amount of judgment is required for a stay of execution. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). Under local rule, the amount of the supersedeas bond must cover the judgment, interest and allowable costs. D.N.M.LR-Civ. 65.1(d). However, district courts have discretionary authority in setting supersedeas bonds. *Miami Int'l*

*Realty Co.*, 807 F.2d at 873.  A judgment debtor who is unable or unwilling to post a supersedeas bond still has the right to appeal, even if the judgment is executed.  *Strong*, 443 F.3d at 1299.  Of course, in such circumstances, the debtor risks losing the value of the judgment if he prevails on appeal but the judgment creditor is insolvent.  *Id.*

Mr. Montoya has not posted a supersedeas bond, requested approval of a bond for less than the full amount of the sanction, or requested that the bond requirement for a stay be waived.  *See Miami Int'l Realty Co.*, 807 F.2d at 874 (upholding district court's approval of supersedeas bond for less than full amount of $2.1 million judgment where request for lower bond was supported by affidavit showing that debtor did not have sufficient assets to post full amount and execution of judgment would cause irreparable harm and place him in insolvency).  Instead, he asserts that, pursuant to Federal Rule of Civil Procedure 62(f), he is entitled to a stay of enforcement of the judgment without posting a bond.  Rule 62(f) provides:

> If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

FED. R. CIV. P. 62(f).  Mr. Montoya argues that under New Mexico law, a judgment creates a lien on the property of the judgment debtor; therefore, he is entitled to a stay without bond.  (*See* Doc. 46 at 3 (citing NMSA 1978, § 39-1-6).)  However, Rule 62(f) does not say that the judgment debtor is entitled to a stay when a judgement creates a lien on property.  It says that, if a judgment creates a lien on property, then the judgment debtor is entitled to the same stay a state court would give. Under New Mexico law, even if a judgment creates a lien on the judgment debtor's property, the judgment debtor must post a supersedeas bond to obtain a stay of execution of the judgment.  *See* NMSA 1978 § 39-3-22 (providing that "there shall be no supersedeas or stay of execution upon any final judgment . . . unless the appellant . . . executes a bond to the adverse party in double the

amount of the judgment complained of"); *see also Segal v. Goodman*, 851 P.2d 471, 477 (N.M. 1993) (noting that "once an appeal has been taken from a money judgment, a stay of execution of the judgment generally must be conditioned upon the filing of an appropriate bond").  Accordingly, Mr. Montoya is not entitled to a stay under Rule 62(f).

Mr. Montoya also argues that a stay would be appropriate because 1) it would cause him financial hardship to pay the sanction, even temporarily, 2) Plaintiffs have not argued that they will be injured if execution of the sanction order is stayed pending appeal, and 3) there is no indication that the public interest is implicated in this case.  (Doc. 46 at 3.)  These arguments reflect three of the four factors that the Tenth Circuit considers when a request for a stay or an injunction is made to the circuit, and that both the district and circuit consider when reviewing a request to stay an injunction pending appeal.  *See United States v. Various Tracts of Land in Muskogee and Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996) (holding that the appellant must show that 1) he is likely to prevail on the merits on appeal, 2) he will be irreparably harmed in the absence of a stay, 3) other parties will not be substantially harmed by the entry of a stay, and 4) the public interest favors a stay); 10th Cir. R. 8.1 (listing factors as part of required showing in an application to the circuit for stay or injunction); *Kansas Judicial Watch v. Stout*, 455 F. Supp. 2d 1258, 1263 (D. Kan. 2006) (listing factors a district court should consider in deciding whether to stay an injunction pending appeal).  These four factors are intended to guide a court when the rules allow for discretion, as is the case when a party has filed certain motions or the judgment involves injunctive relief.  *See* Fed. R. Civ. P. 62(b) (a court "may stay the execution of a judgment . . . pending disposition of [certain] motions"); Fed. R. Civ. P. 62(c) (a court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights").  Neither of those situations applies here.

Nevertheless, assuming that a district court should consider these factors when a party seeks to stay execution of a money judgment pending appeal, Mr. Montoya has not demonstrated that a stay is warranted in this case.  Most importantly, Mr. Montoya has not addressed, much less established, his likelihood of success on appeal.  A cursory review of the procedural history of this case reveals two significant obstacles that Mr. Montoya must overcome before the circuit even reaches the merits of his appeal.  First, a remand order based on lack of subject matter jurisdiction is generally not reviewable.  *See Moody v. Great Western Ry. Co.*, 536 F.3d 1158, 1162 (10th Cir. 2008).  Second, his appeal, filed more than thirty days after entry of the sanction order, appears to be untimely.  *See* FED. R. APP. P. 4(a).  In addition, Plaintiffs' reply to Mr. Montoya's motion for a stay indicates another potential obstacle to review: Mr. Montoya noticed the appeal of the sanction order on behalf of Defendant rather than on behalf of himself.  These  procedural problems raise questions regarding the likelihood of Mr. Montoya's success on appeal.  As Mr. Montoya has not addressed this factor at all, he has not demonstrated that a stay is warranted.

In sum, Mr. Montoya is not entitled to a stay of execution of the sanction order unless he posts a supersedeas bond as required by Rule 62(d).  Since he has not posted a supersedeas bond, the motion to stay should be denied.  However, Rule 62(d) allows the bond to be given "upon or after filing the notice of appeal."  FED. R. CIV. P. 62(d).  If, within ten days of the date the presiding judge adopts this recommendation, Mr. Montoya seeks approval of a bond sufficient to cover the judgment, interest and costs in accordance with Local Rule 65.1, the request should be considered.

### PETITION FOR ORDER TO SHOW CAUSE

Plaintiffs ask that Mr. Montoya be ordered to show cause why he should not be held in civil contempt for his failure to comply with the Court's sanction order.  (Doc. 43 at 4.)  In addition, if Mr. Montoya is held in contempt, Plaintiffs ask 1) that he be required to purge the finding of

contempt by immediately paying Plaintiffs $12,426.05, 2) that he be required to self-surrender for incarceration if he does not purge his contempt, and 3) that a civil arrest warrant be issued if he fails to self-surrender. (*Id.*)  Plaintiffs also request that Mr. Montoya be required to pay the attorney's fees and costs they have incurred in attempting to enforce the sanction order. (*Id.*)  Mr. Montoya responds that he "has every intention of complying with the Court's sanction order if the same is upheld on appeal." (Doc. 47 at 2.)  He insists that his delay in payment is a function of the appeal and that he has no intention of defying any order of this Court. (*Id.*)

Mr. Montoya has already defied an order of this Court and continues to do so.  On June 12, 2009 the Court ordered Mr. Montoya to pay Plaintiffs $12,426.05 in attorney's fees and costs within thirty days. (Doc. 35.)  He did not pay the sanction within thirty days, nor did he approach Plaintiffs or the Court with any reason for his failure.  He thus violated the June 12 sanction order.  On July 14, 2009, Plaintiffs contacted Mr. Montoya demanding payment within five days. (*See* Doc. 43 at ¶ 9; Doc. 47 at 2.)  Mr. Montoya responded that he wished to appeal the sanction order but was waiting for the Court to reduce the order to a signed judgment. (*See* Doc. 43 at ¶ 10; Doc. 47 at 1-2.)  During the thirty days that Mr. Montoya had to pay the sanction, he did not request that the Court enter judgment in accordance with Rule 58.  Rather, he waited for the time to expire, and for Plaintiffs to contact him and demand payment.

On July 20, 2009, Mr. Montoya filed a notice of appeal. (Doc. 38.)  He did not post a supersedeas bond or request a stay of enforcement of the sanction order on any other grounds, nor did he make any effort to pay the attorney's fees and costs to Plaintiffs.  Again, he waited until Plaintiffs filed their petition for a show cause order before moving for a stay and arguing that he has every intention of complying with the sanction order if it is upheld.  Mr. Montoya's motion for a stay, filed on August 27, 2009, comes more than two months after the Court sanctioned him, more

than one month after the payment of costs and attorney's fees was due to Plaintiffs, and more than one month after he noticed an appeal.   Neither Mr. Montoya's expressed desire to appeal the sanction order but for the lack of a Rule 58 judgment, nor his filing of a notice of appeal, relieved him of his obligation to comply with the Court's order.   Execution of the sanction order was not stayed simply by virtue of an appeal and Mr. Montoya has not satisfied the requirements of Rule 62 to obtain a stay.   His continued refusal to pay the costs and attorney's fees constitutes an ongoing violation of the sanction order.   The Court should issue an order requiring Mr. Montoya to show cause why he should not be held in civil contempt for his failure to comply with the Court's order.

In their reply to Mr. Montoya's motion for a stay of enforcement, Plaintiffs request that, if the Court finds that Mr. Montoya has shown good cause for a stay, then Mr. Montoya be required to post a cash or surety bond equal to the amount of the sanction award, plus interest.   Although Mr. Montoya has not shown good cause, this appears to be a reasonable compromise and one that Plaintiffs have suggested.   This lends further support to my recommendation that, if Mr. Montoya responds to a show cause order with a request for approval of a supersedeas bond that complies with Local Rule 65.1, the request be considered.

Finally, Plaintiffs seek costs and attorney's fees incurred in their attempts to enforce the sanction order.   Mr. Montoya did not voluntarily comply with the sanction order, nor approach Plaintiffs or the Court to explain that his failure to comply was based on his belief that entry of a separate judgment was required before he could pursue an appeal.   He has not satisfied the requirements of Rule 62 to stay execution of the judgment pending appeal and his failure to pay the sanction continues to violate the Court's order.   In short, Mr. Montoya's delay and resistence to a court order sanctioning him for previous conduct has forced Plaintiffs to incur additional costs and

9

attorney's fees to enforce the order.  Mr. Montoya should be required to pay these new costs and fees.

RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend:

1)      that Mr. Montoya be given ten days from the date the presiding judge adopts this recommendation to

> a) show cause as to why he should not be held in civil contempt for his failure to comply with the Court's June 12 sanction order,
>
> b) pay Plaintiffs $12,426.05 plus interest, or
>
> c) seek approval of a supersedeas bond sufficient to cover the judgment, interest and costs in accordance with Federal Rule of Civil Procedure 62(d) and Local Rule 65.1; and

2)      that Arizona counsel be required to submit an affidavit within ten days of the date the presiding judge adopts this recommendation setting forth the attorney's fees, costs and expenses incurred in their attempts to enforce the sanction order and that Mr. Montoya be given ten days from the filing of such affidavit to respond to the reasonableness of the amounts requested.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

---

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.