## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EVA HUGHES, et al.,

       Plaintiffs,

v.   No. CV 09-104 WJ/WPL

ISAAC MARTINEZ, et al.,

       Defendants.

### ORDER ADOPTING AND MODIFYING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND ORDER TO SHOW CAUSE

This matter is before the Court on the magistrate judge's Proposed Findings and Recommended Disposition (Doc. 52) and Dennis Montoya's objections thereto (Doc. 53). Having conducted a *de novo* review, I find Mr. Montoya's objections to be without merit for the following reasons.

With regard to Mr. Montoya's motion to stay enforcement of the sanction order, he objects to a statement in the magistrate judge's proposed findings indicating that he did "not request that the bond requirement for a stay be waived." (Doc. 53 at 1 (citing Doc. 52 at 5).) However, the magistrate judge considered all of Mr. Montoya's arguments. In asking the Court to stay execution without a bond, Mr. Montoya asserted two bases for discretion. First, he discussed several factors that the district courts consider when deciding whether to stay an injunction pending appeal. (*See* Doc. 46 at 3.) The magistrate judge questioned whether these factors apply to a request to stay a money judgement. Assuming that they apply, the magistrate judge found that Mr. Montoya had not demonstrated that an exercise of discretion is warranted in this case. I agree. In particular, Mr.

Montoya has not addressed the likelihood of success on appeal. Lacking argument by Mr. Montoya on this point, the magistrate judge undertook his own review of the record and noted two procedural obstacles to Mr. Montoya's appeal. In his objections, Mr. Montoya argues that these procedural issues pose no impediment to the success of his appeal. However, even assuming that the procedural obstacles do not apply, Mr. Montoya still has not made any affirmative argument regarding his likelihood of success on appeal. Thus, he has not established that a stay without bond is warranted.

Mr. Montoya also cited a Sixth Circuit case for the proposition that a court has discretionary authority to waive or reduce the supersedeas bond requirement. (*See* Doc. 46 at 4 (citing *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)).) The Tenth Circuit noted this discretionary authority in *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) when it considered whether a stay may be granted without a supersedeas bond for the full amount of the judgment. In *Paynter*, the circuit affirmed a stay of execution without a full supersedeas bond where the motion to stay was supported by an affidavit showing insufficient assets and financial hardship. *Id.* at 873. Mr. Montoya's only support for his request is a conclusory claim that paying Plaintiffs the $12,426.05 sanction, even temporarily, will cause him great financial harm. Mr. Montoya did not provide an affidavit, financial statements, or any other evidence to support his claim of financial hardship. *See Sierra Club v. El Paso Gold Mines, Inc.*, No. Civ.A.01 PC 2163 OES, 2003 WL 25265871, at *7 (D. Colo. Apr. 21, 2003) (noting that the burden is on the appellant to demonstrate that posting a full bond is impossible or impracticable). The magistrate judge referenced *Paynter* when noting that Mr. Montoya had not requested approval of a reduced bond or that the bond requirement be waived. Moreover, Mr. Montoya did not discuss any of the other factors that might guide courts when exercising their discretion to reduce or waive the supersedeas bond requirement. *See id.* at *7 (citing cases). Again, he has not established that the bond requirement should be

waived or reduced.

With regard to Plaintiffs' petition for a show cause order, the magistrate judge concluded that Mr. Montoya's failure to pay the sanctions I ordered on June 12, 2009 violated the sanction order and that his continued refusal to pay the sanctions constitutes an ongoing violation of the sanction order. Mr. Montoya objects to the magistrate judge's conclusion that he "has already defied an order of this Court and continues to do so." (Doc. 53 at 3 (citing Doc. 52 at 8).) Repeating the arguments he made in his response to Plaintiffs' petition, Mr. Montoya claims that although he did not comply with the sanction order, he did not defy the Court because his "lack of compliance was merely a function of his desire to appeal the order." (*Id.*) He also reiterates that he filed a notice of appeal as soon as the Court denied his request for entry of a separate judgment. These arguments are rejected. As the magistrate judge stated, "neither Mr. Montoya's expressed desire to appeal the sanction order . . . , nor his filing of a notice of appeal, relieved him of his obligation to comply with the Court's order." (Doc. 52 at 9.) Mr. Montoya had an ongoing obligation to comply with the sanction order. He did not take any steps to stay this obligation for more than two months following entry of the sanction order, and only filed a motion to stay in response to Plaintiffs' petition for a show cause order. Mr. Montoya's failure to pay the sanction is a violation of a court order.

I hereby adopt the magistrate judge's PFRD and order Mr. Montoya to show cause in writing within fifteen days as to why he should not be held in civil contempt for his failure to comply with the sanction order. I remind Mr. Montoya that the argument that his non-compliance was merely a function of his appeal has already been rejected. However, because Federal Rule of Civil Procedure 62(d) allows the posting of a supersedeas bond upon or after filing the notice of appeal, I will allow Mr. Montoya to post a supersedeas bond that complies with Local Rule 65.1 provided that said bond is posted within fifteen days. Alternatively, Mr. Montoya can pay Plaintiffs

$12,426.05 plus interest.  If Mr. Montoya fails to show cause, post the bond, or pay Plaintiffs, he may be found in civil contempt, and if found in contempt, the Court has several options available for a lawyer who is in contempt of Court and those options include incarceration for a period of time, imposition of fines and/or restricting or prohibiting an attorney from engaging in the practice of law in the United States District Court for the District of New Mexico for a period of time.

Mr. Montoya did not object to the magistrate judge's recommendation that Plaintiffs be awarded the costs and attorney's fees they have incurred in attempting to enforce the sanction order.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 52) are adopted by the Court;

2) within fifteen days, Mr. Montoya must

    a) show cause in writing as to why he should not be held in civil contempt for his failure to comply with the Court's June 12, 2009 sanction order,

    b) pay Plaintiffs $12,426.05 plus interest, or

    c) post a supersedeas bond sufficient to cover the judgment, interest and costs in accordance with Federal Rule of Civil Procedure 62(d) and Local Rule 65.1; and

3) within ten days, Arizona counsel must submit an affidavit setting forth the attorney's fees, costs and expenses incurred in their attempts to enforce the sanction order.  Mr. Montoya may respond to the reasonableness of the amounts requested within ten days of the filing of such affidavit.

                                                                                  _____
UNITED STATES DISTRICT JUDGE