# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EVA HUGHES, et al.,

      Plaintiffs,

     v.                                                                                          No. CV 09-104 WJ/WPL

ISAAC MARTINEZ, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER REGARDING AWARD OF ATTORNEY FEES IN CONNECTION WITH ENFORCEMENT OF COURT SANCTION ORDER

THIS MATTER comes before the Court regarding the Court's Order Adopting and Modifying Magistrate Judge's Proposed Findings and Recommended Disposition and Order to Show Cause, filed November 18, 2009 (**Doc. 55**).  In that Order this Court adopted the Magistrate Judge's recommendation that Plaintiffs' counsel be awarded the costs and attorney's fees incurred in attempting to enforce this Court's sanction order.  The instant Order addresses the reasonableness of counsel's fee request. Having considered the pleadings consisting of Plaintiffs' counsel's affidavit and request for fees, as well as objections filed to the request, the Court finds that Plaintiffs' counsel is entitled to a fee award, but in an amount which is less than the amount requested.

### Background

The history of the sanctions at issue began with this Court's imposition of other sanctions in June 2009, in connection with the improper removal of this case and awarding Plaintiffs' counsel fees, costs and expenses in the amount of $12,426.05 pursuant to 28 U.S.C. § 1447 (c) and 28 U.S.C. § 1927 against Attorney Dennis J. Montoya.  Doc. 35.

On August 27, 2009, Mr. Montoya requested a stay of enforcement of the sanctions order against him pending his appeal. On September 18, 2009, the case was referred to Magistrate Judge William P. Lynch for recommendations on the ultimate dispositions of pending and future motions.[1] The Court adopted the Magistrate Judge's proposed findings and disposition ("PFD") which found Mr. Montoya's request to be without merit. Doc. 55 ("November 18th Order").[2] Mr. Montoya was required either to post a supersedeas bond that complies with Local Rule 65.1 within fifteen days, or pay Plaintiffs' counsel $12,426.05 plus interest, and would be at risk of being found in civil contempt on his failure to do neither.  On December 3, 2009, Mr. Montoya filed a notice of compliance with the Court Order advising the Court that he intended to post a supersedeas bond sufficient to cover the judgment, interest, and costs in accordance with Federal Rule of Civil Procedure 62(d), Local Rule 65.1, and the Court's Order, and subsequently did so. Docs. 57 and 59.  The Court initially denied Plaintiffs' motion to release a portion of the bond until the Tenth Circuit decided Mr. Montoya's request for a rehearing.  Docs. 63 and 67.  On January 4, 2010, the Tenth Circuit summarily denied Attorney Montoya's request for rehearing

---

[1] The reference was made due to my assignment of a criminal case which had been certified as a death penalty case by the United States Department of Justice. At the time, the Court was inundated with pending motions and was pressed against a jury selection date of October 2009. Doc. 49.

[2] Assuming without deciding that factors underlying injunctive relief apply to a request to stay a money judgment, the Magistrate Judge found that Mr. Montoya made no argument regarding a likelihood of success of appeal; and Mr. Montoya provided no support by way of affidavit, financial statement or otherwise to support his claim that paying Plaintiffs' counsel the $12,426.05 sanction would cause him great financial harm.  The Magistrate Judge also rejected Mr. Montoya's argument that his lack of compliance was a result of his desire to appeal the sanctions order, noting that the filing a notice of appeal did not relieve him of his obligation to comply with this Court's sanction order – particularly where Mr. Montoya took no steps to stay the obligation to pay the sanction for more than two months following entry of the sanction order, and where Mr. Montoya filed the motion to stay only in response to Plaintiffs' petition for a show cause order.  Doc. 52.

(Ex. 1 to Mot.) and Plaintiffs renew their request for disbursement of funds. Therefore, Plaintiffs' renewed request to release a portion of the bond has been granted, and, pursuant to Court order, the Clerk of the Court disbursed the sum of $12,426.05 to Plaintiffs' counsel. *See* Doc. 69.

In the November 18th, Order, I also adopted the Magistrate Judge's recommendation that Plaintiffs be awarded the costs and attorney fees incurred in attempting to enforce the sanction order, noting that Mr. Montoya had not objected to that portion of the PFD. Doc. 55 at 4. Plaintiffs submitted an affidavit supporting their request for fees and costs, and Mr. Montoya has filed objections to the requested fees (Docs. 56 and 61).

## Discussion

Plaintiffs seek an additional sum of $8,039.50 to be paid to Tiffany & Bosco, P.A., for attorney fees and costs. This amount is broken out into two amounts: $3,309.50 which relates to enforcing this Court's sanction order against Mr. Montoya, and includes sending letters, drafting the petition for the order to show cause, reviewing various pleadings and responding to those pleadings.  In addition, Plaintiffs seek an amount of $4,730, as a result of Mr. Montoya's filing of an appeal, and for briefing certain jurisdictional issues as ordered by the Tenth Circuit. Plaintiffs argue that they are entitled to these fees and costs because the appeal was intertwined with the issue of sanctions.

**I.     Legal Standard**

In order to determine an amount of attorney fees, including those awarded as a sanctions, courts generally use the "lodestar," or "reasonable fee" method of calculation, which is arrived at by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 987 n.7 (Fed.Cir.

2000); *see also, Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983). The "lodestar" amount may then be adjusted upward or downward, depending on the degree of success obtained. *Hensley*, 461 U.S. at 435-356, quoted in *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 39 F.3d 1482, 1493 (10th Cir. 1994).

**II.     Analysis**

Mr. Montoya contends that the amount of $3,309.50 sought by Plaintiffs incurred in their attempt to enforce the Court's sanction order is excessive. He also contends that Plaintiffs' request for $4,730.00 is not supported by any rulings of this Court.

A.     Request for $4,730.00

The Magistrate Judge recommended that Mr. Montoya be required to pay for attorney fees and costs incurred in enforcing this Court's sanction order. Doc. 52 at 9. It is true that Plaintiffs filed a motion to dismiss Mr. Montoya's appeal, and were ordered by the Tenth Circuit to brief jurisdictional issues relating to Mr. Montoya's standing. However, I do not see Plaintiff's involvement in the appeal to be a result of Mr. Montoya's delay in complying with the Court's sanction order. As the Tenth Circuit noted, the imposition of sanctions under § 1447(c) is generally appealable. *Doe v. Martinez*, No. 09-2174 (10th Cir., Dec. 14, 2009). Plaintiffs would have filed the motion to dismiss the appeal and been required to brief the jurisdictional issues because Mr. Montoya filed an appeal – not because he failed to pay the $12,426.05 fee award imposed as a sanction.[3] Thus, Plaintiffs are not entitled to the $4,730.00 requested in fees because the time expended on these matters was not incurred in enforcing this Court's sanction order.

---

[3] The Tenth Circuit concluded that it lacked jurisdiction over Mr. Martinez' appeal of the sanctions that imposed on him personally because he was not named as an appellant in the notice of appeal.

B.  Request for $3,309.50

Mr. Montoya argues that all three hourly rates are excessive. Leonard J. Mark, Esq., is a partner with Tiffany & Bosco, P.A. ("Tiffany & Bosco") and is a certified specialist in Arizona in areas of personal injury and wrongful death litigation as well as family law. He has been licensed to practice law since 1966, and his requested hourly rate is $400.00. The requested hourly rate for Dorian Eden, also a partner at Tiffany & Bosco and practicing law since 2002, is $250.00. Paralegal Kim Welcher requests an hourly rate of $150.00

The Court is aware that in awarding Plaintiffs' counsel sanctions previously under 28 U.S.C. § 1446 and 28 U.S.C. § 1927, I found those same requested hourly rates to be reasonable. I also noted that there had been no objection to the amounts requested by Plaintiffs' counsel. Doc. 35 at 3. This time around, Mr. Montoya has objected to the requested amounts and rates, and more importantly, has provided a legal basis for reduction of those rates.

A court is to look "to the prevailing market rates in the relevant community" in calculating a reasonable fee, comparing the hourly rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant community is the area in which the litigation occurs. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983); *Lucero v. City of Trinidad*, 815 F.2d 1384 (10th Cir. 1987) ("In setting the hourly rate, a court should establish a billing rate based on the norm for lawyers of comparable skill and performance in private practice in the area in which the court sits calculated as of the time the court awards the fee").

Defendant notes that a rate of $250.00 was deemed to be a "bit higher than the norm" for attorneys with forty years experience in civil litigation and that courts in this district award anywhere from $150.00 per hour to $250.00 per hour. Doc. 61 at 3-4. On the other hand, Mr. Mark's affidavit falls short of providing evidence of the prevailing market rate for services

5

similar to what Plaintiffs' counsel has rendered.  The fact that Mr. Mark is a certified specialist in several areas of litigation does not provide the Court with the necessary information regarding the prevailing market rate for practitioners with the same experience and skill.  Also, whether Plaintiffs assume they are entitled to bill their clients at the rates requested here, there is no reason to assume the Court will reimburse them at those amounts, in light of the case law which instructs courts to award attorney fees based on the prevailing market rates in this community.

Mr. Montoya urges the Court to "significantly reduce" the hourly rates for Plaintiffs' attorneys and paralegal, but suggests no definitive hourly rate.  While I would normally be inclined to reduce the requested rates by at least 25%, what is significantly different about this case is that the firm of Tiffany & Bosco did not voluntary decide to represent their clients in litigation in federal court in New Mexico.  Tiffany & Bosco found itself representing its clients, the Plaintiffs, in federal court in New Mexico because Mr. Montoya wrongfully removed the case from the Maricopa County Superior Court to U.S. District Court in New Mexico in blatant disregard of the removal statute.  Moreover, when Plaintiffs' counsel pointed out the jurisdictional deficiencies of Mr. Montoya's wrongful removal, Mr. Montoya refused to voluntarily consent to removal and even filed pleadings opposing remand that were completely frivolous and devoid of merit.  Mr. Montoya's wrongful removal and his refusal to consent to remand resulted in Plaintiffs' counsel having to litigate the issue of improper removal to this Court. Therefore, even though the hourly rates requested by Plaintiffs' counsel are excessive by New Mexico standards, I will allow them because of the nature and circumstances of the wrongful removal of the case to this Court and the refusal to voluntarily consent to remand when it was clear that this Court had no jurisdiction over the underlying state case.[4]

---

[4] My decision to allow these rates in this case should not be considered precedent for raising the attorney fee hourly rates in the prevailing market of New Mexico.  I have already

6

Accordingly, I find based on the above-cited precedent and based on the somewhat unique circumstances of this case that Plaintiffs' counsel, the firm of Tiffany & Bosco, shall be entitled to be paid the additional sum of $3,309.50 from the funds held in the Court's Registry deposited there by Mr. Montoya.

## Conclusion

In sum, the Court concludes that Plaintiffs are not entitled to the amount of $4730.00 requested in connection with Mr. Montoya's appeal because the expenses incurred were not related to enforcing this Court's sanction order.

Plaintiffs' counsel is entitled to an additional fee award of $3,309.50 for fees and expenses incurred in enforcing this Court's sanction order.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE

---

found the requested rates to be higher than the prevailing rates in this local market.